■ In the Matter of MARELYN DALYS C.-G., a Child Alleged to be Abused and/or Neglected. MARCIAL C., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [979 NYS2d 519]—

A preponderance of the evidence supports the determination that respondent abused the child by committing offenses against her defined in Penal Law article 130 (*see* Family Ct Act §§ 1012 [e] [iii]; [f] [i] [B]; 1046 [b] [i]). The court found the child's testimony at the hearing credible, notwithstanding any alleged inconsistencies, and we see no basis for disturbing that finding (*see Matter of Irene O.*, 38 NY2d 776 [1975]). The child's testimony is competent evidence of abuse, and need not be corroborated by evidence of serious physical injury or other evidence (*Matter of Christina G. [Vladimir G.]*, 100 AD3d 454 [1st Dept 2012], *lv denied* 20 NY3d 859 [2013]). In any event, it was corroborated by the caseworker's testimony as to the out-of-court statements by the child's stepsister and stepbrother (*see Matter of Tiara G. [Cheryl R.]*, 102 AD3d 611 [1st Dept 2013], *lv denied* 21 NY3d 855 [2013]; *see also Matter of Ashley M.V. [Victor V.]*, 106 AD3d 659 [1st Dept 2013]).

The determination that respondent neglected the child by inflicting excessive corporal punishment on her (*see* Family Ct Act § 1012 [f] [i] [B]) is also supported by a preponderance of

the evidence. The child's testimony was sufficient to support the determination (*see Matter of Dayanara V. [Carlos V.]*, 101 AD3d 411 [1st Dept 2012]). In any event, it was corroborated by the caseworker's testimony that the child's stepbrother said he saw respondent beat the child on June 13, 2012, leaving bruises on her face, and that he had seen respondent beat her on previous occasions, and the caseworker's testimony that he observed a bruise on the child's face on June 19, 2012 (*see Matter of Tiara G.*, 102 AD3d at 611-612; *Matter of Ameena C. [Wykisha C.]*, 83 AD3d 606 [1st Dept 2011]). The fact that a beating of the severity described by the child and her stepbrother occurred only once does not negate the finding of neglect (*Matter of Cevon W. [Talisha W.]*, 110 AD3d 542 [1st Dept 2013]).

The court properly drew a negative inference against respondent since, after petitioner established its prima facie case, respondent failed to meet his burden of explaining his conduct and rebutting the evidence against him (*see Matter of Ashley M.V.*, 106 AD3d at 660). Concur—Gonzalez, P.J., Friedman, Renwick, Freedman and Richter, JJ.